lmv

27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 22 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

MARIA OLGA GALVAN             *

     VS              * C.A. NO. B97 171

PEPSICO, INC.                 *
d/b/a PEPSI-COLA COMPANY

---

**MEMORANDUM OPINION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT**

---

On November 13, 1998, Defendant filed a Motion for Summary Judgment on the then one-count Complaint alleging a violation of the Texas Human Rights Act based on gender discrimination. On the same date, Plaintiff filed a Motion for Leave to File a First Amended complaint adding a count for intentional and/or reckless infliction of emotional distress of a severe nature arising out of the conduct of the Defendant as alleged in Count 1.

According to the recitation of the Plaintiff in her motion to amend, Defendant objected thereto. No order allowing the amendment as required under Rule 15(a) of the F.R.Civ.P. was ever entered.

2

Accordingly, the amended complaint is not officially before the Court.

Nevertheless, the amendment adds nothing new as it asserts only a new cause of action arising out the acts and omissions of the Defendant in Count 1. Hence, if Count 1 cannot survive, Count 2, if permitted to be filed, cannot survive.

Plaintiff has now answered the Motion for Summary Judgment. The following conclusions are legally compelled:

(1) Plaintiff was a member of a class protected by statute and was adversely affected by the employer's decision to terminate her employment.

(2) Plaintiff was terminated when Defendant changed its operations eliminating in excess of 75% of Plaintiff's job duties.

(3) There were no vacant positions available at the time of discharge.

(4) No males remained in similar positions after Plaintiff was terminated.

(5) There is no genuine issue of fact that Defendant's legitimate, non-discriminatory reason for eliminating Plaintiff's job was pretextual or false and that Plaintiff's gender played any role in Defendant's decision to eliminate Plaintiff's position.

Hence, Defendant's Motion as to count 1 must be granted. Since Count 2 depends wholly on Count 1, it could not survive even if the amendment were allowed. Plaintiff in fact acknowledged this upon oral argument.

3

Plaintiff has however sought to amend a second time seeking in the most general terms to add a count for sexual harassment. It is the Defendant's position that this Court has no jurisdiction since Plaintiff failed to exhaust her administrative remedies on the sexual harassment complaint and a sexual discrimination complaint and facts in support thereof do not include a sexual harassment charge. The specific complaint before the Texas Commission for Human Rights made no complaint of sexual harassment.

For reasons asserted by the Defendant in its motion and argument and letter brief of January 19 1991, the amendments to the complaint are **DENIED** and the Defendant's Motion to Dismiss is **GRANTED**. A judgment dismissing Plaintiff's complaint with prejudice shall be entered.

Done at Brownsville, Texas, this 22nd day of January, 1999.

Stewart A. Newblatt
United States District Judge

ACTING ON ASSIGNMENT